UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LA'SANE LEE ROBERTSON,<br><br>  Petitioner,<br><br>  v.<br><br>MATTHEW CATE, Secretary of CDCR,<br><br>  Respondent. | No. CV 12-633-GW (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation ("R&R"), petitioner's Objections to the R&R, and respondent's Response to the Objections. The Court has engaged in a de novo review of those portions of the R&R to which objections have been made, and concludes that no modifications to the R&R are necessary. In particular, the Court rejects petitioner's challenge to the Magistrate Judge's conclusion that no equitable tolling was warranted during the time periods that petitioner had obtained legal assistance in preparing and filing his habeas petitions. (See Objections at 5). See Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012) (affirming district court's determination that equitable tolling did not apply based on mental impairment where the petitioner had the assistance of a jailhouse lawyer in filing his state and federal habeas petitions, and therefore no "extraordinary circumstance stood in the way"). Additionally, the Court notes petitioner's assertion that his habeas petition filed in 2006 in the Los Angeles County Superior

Court was denied solely "on the merits" and therefore warranted statutory tolling. (Objections at 10). In prior briefing, however, petitioner characterized this denial as being both "on the merits" and as "untimely." (See R&R at 2 n.2; Petitioner's Post-Hearing Brief at 1). In any event, even if the denial is treated as "on the merits" and statutory tolling applies during the pendency of the superior court petition, the instant Petition is still time barred. As explained in the R&R, "even if the Court bases the one-year statutory period solely on the period when petitioner had the assistance of [inmate] Clarke (from December 29, 2010, on), there was still a delay of more than a year before the instant federal Petition was constructively filed on January 19, 2012." (R&R at 21-22). Finally, with respect to the issue of whether petitioner could have filed a "protective petition" in federal court while his state petitions were pending (see R&R at 21), the Court notes that even if this option were not available because the protective petition would have contained only unexhausted claims,[1] the fact remains that statutory tolling does not apply for the reasons explained in the R&R. In other words, even if petitioner had filed a protective petition and it had been denied for lack of exhaustion, the Petition is still time barred because petitioner's state habeas petitions were denied as untimely and therefore were not properly filed. (See R&R at 20-22). See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

/
/
/
/
/
/
/
/
/

---

[1] See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)).

       The Court concurs with the conclusion of the Magistrate Judge that the Petition is untimely, and accepts the recommendations of the Magistrate Judge.

       ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss is granted.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: July 24, 2015

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE